UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LOCALS 302 AND 612 OF THE INTERNATIONAL UNION OF OPERATING ENGINEERS CONSTRUCTION INDUSTRY HEALTH AND SECURITY FUND, et al.,<br><br>                Plaintiffs,<br>   v.<br><br>BARRY CIVIL CONSTRUCTION, INC.,<br><br>                Defendant,<br>   v.<br><br>PEASE & SONS, INC.,<br><br>                Garnishee-Defendant. | CASE NO. 2:23-mc-00086-LK<br><br>ORDER DENYING SECOND AMENDED APPLICATION FOR WRIT OF GARNISHMENT |

       This matter comes before the Court on Plaintiffs' Second Amended Application for Writ of Garnishment. Dkt. No. 6. The application is again denied without prejudice to renew.

       As the Court has reiterated on numerous occasions, "[g]arnishment is a statutory remedy that requires strict adherence to the procedures expressly authorized by statute." *Watkins v.*

ORDER DENYING SECOND AMENDED APPLICATION FOR WRIT OF GARNISHMENT - 1

1  *Peterson Enters., Inc.*, 973 P.2d, 1037, 1043 (Wash. 1999). Plaintiffs' proposed Writ of Garnishment states that Barry Civil Construction, Inc. "is indebted to plaintiffs and that the amount to be held to satisfy the indebtedness is $875,795.42, consisting of" $562,891.61 in judgment balances, $312,764.81 in accrued interest on those judgments, and $139 in estimated garnishment costs. Dkt. 6-1 at 2. Plaintiffs attest that this proposed Writ of Garnishment "has been compared against and substantially complies with the garnishment statute, specifically RCW 6.27.100." Dkt. 6 at 2. However, unlike in the form writ provided in Section 6.27.100(1) of the Revised Code of Washington, Plaintiffs have failed to specify the periods during which interest from the judgment balances were accrued. *See* Wash. Rev. Code 6.27.100(1) (requiring that writs of garnishment include "Interest under Judgment from . . . . to . . . ."); *see also* Wash. Pattern Form GARN 01.0200 ("Writ of Garnishment (Debts Other Than Earnings - After Judgment)" (last revised 01/2024), available at https://www.courts.wa.gov/forms/?fa=forms.contribute&formID=20).

The application is therefore DENIED without prejudice. *See, e.g.*, *Nw. Adm'rs, Inc. v. CY Expo LLC*, No. 2:23-mc-00051-LK, 2023 WL 4363674, at *1 (W.D. Wash. Jul. 6, 2023) (denying application for writ of garnishment where plaintiff's proposed writ of garnishment failed to substantially comply with Section 6.27.100(1) of the Revised Code of Washington); *Bd. of Trs. of Emp. Painters' Tr. v. D Ciulla Flooring LLC*, No. 2:23-mc-00038-LK, 2023 WL 3996853, at *1 (W.D. Wash. Jun. 14, 2023) (same).

This may not be the only shortcoming in Plaintiffs' application, but the Court need not scour the record any further. Plaintiffs may file a third amended application by January 26, 2024. If the Court does not receive a third amended application by that date, it will direct the Clerk to close this matter.

This latest error has once again unnecessarily multiplied the proceedings in this case. The Court therefore sanctions Plaintiffs' counsel, Barlow Coughran Morales & Josephson, P.S., in the

ORDER DENYING SECOND AMENDED APPLICATION FOR WRIT OF GARNISHMENT - 2

1 amount of $200 to be paid by check to the Clerk of Court within 14 days of the date of this Order. *See* LCR 11(c); Dkt. No. 2 at 2 ("The Court will impose additional sanctions in the future if Plaintiffs continue to needlessly multiple proceedings."); Dkt. No. 5 at 3 ("Future errors will result in additional sanctions."). Counsel shall also file a declaration on or before that date attesting under penalty of perjury that this sum has paid to the Clerk of Court. The Court further directs Plaintiffs' counsel to provide their clients with a copy of this Order and avow in their declaration that they have done so. Future errors will result in additional sanctions.

Dated this 19th day of January, 2024.

*Lauren King*

Lauren King
United States District Judge